IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV127-03-V

| DAVID EZELL SIMPSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | **O R D E R** |
| UNION COUNTY SHERIFF DEPT., UNION COUNTY ATTORNEY, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court for an initial review of Petitioner's "Petition for A Writ of Mandamus" pursuant to 28 U.S.C. § 1651 and his Motion to Proceed In Forma Pauperis. (Doc. No. 1.)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 17, 2003, Petitioner was convicted in the case United States v. Simpson, 5:02cr43, of conspiring to defraud the United States by trafficking in or using one or more unauthorized access devices, bank fraud, and/or aiding and abetting that offense, and money laundering. On that occasion, this Court sentenced Petitioner to a total of 78 months imprisonment. After receiving credit for time spent in pre-trial detention, Petitioner satisfied his sentence and was released from confinement in June 2007.

In or about July 2007, Petitioner was arrested on State charges for assault, possession of stolen goods, possession of burglary tools, breaking and entering and larceny after breaking and entering. In March 2008, a writ was executed, bringing Petitioner into federal custody in order to answer for the apparent violation of his three-year federal supervised release term. On June 28,

1

2008, a hearing was held after which Petitioner's supervised release term was revoked and he was sentenced to a term of 36 months imprisonment. (Crim. Case No. 5:02cr43: Doc. No. 110.) Petitioner appealed the revocation sentence on the basis that it was unreasonable but the sentence was upheld by the United States Court of Appeals for the Fourth Circuit.

On June 19, 2009, Petitioner filed a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 complaining that his speedy trial rights were being violated and seeking dismissal of his state charges. (3:09cv229: Doc. No. 1.) On June 16, 2009, after noting that Petitioner had named the wrong custodian, this Court held that as Petitioner had not sought relief in state court, he had not exhausted his state remedies as required by statute. (3:09cv229: Doc. No. 3.) On July 16, 2009, Petitioner filed another § 2241 habeas petition with this Court again asking the Court to direct that he be sent back to federal prison. (3:09cv292: Doc. No. 1.) On August 3, 2009, this Court denied the petition for the reasons stated in its June 16, 2009 Order. (3:09cv292: Doc. No. 5.) On March 31, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus" citing no authority for his petition. Petitioner requested that this Court direct that he be sent from state to federal custody. Although Petitioner did not identify under what authority he filed his petition, the Court considered §§ 2255, 2254 and 2241 and concluded that Petitioner was not entitled to relief under any of those federal habeas statutes. (5:10cv45: Doc. No. 2.) On June 9, 2010, Petitioner filed a "Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2253(c)" which this Court denied on June 18, 2010. (5:10cv74: Doc. No. 2.)

By way of the instant petition, Petitioner again asks this Court to direct the state to return him to federal custody and seeks a writ of mandamus pursuant to 28 U.S.C. § 1651. Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's motion should be denied pursuant to 28 U.S.C. § 1651.

## II. ANALYSIS

A writ of error coram nobis may be used "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice" and "where no other remedy [is] available." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). The United States Supreme Court has explained that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). The Court went on to note that in light of the "enactment of the Federal Rules of Criminal Procedure, it is difficult to conceive of a situation where [a writ of error coram nobis] would be necessary or appropriate." Id. (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947) (brackets in original).

Here, because Petitioner is in custody, a writ of error coram nobis is not the proper vehicle for him to use to challenge his incarceration. See United States v. Smith, 77 Fed. App'x 180 (4th Cir. 2003) (dismissing petition for writ of error coram nobis after determining that petitioner was in custody). Therefore, to the extent that Petitioner is seeking relief under 28 U.S.C. § 1651, this Court must deny relief due to the fact that Petitioner remains in custody and a writ of coram nobis is available only when the petitioner is not in custody. Id.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Petition For A Writ of Mandamus" pursuant to 28 U.S.C. § 1651 (Doc. No. 1) is denied. Petitioner's In Forma Pauperis Application will be **GRANTED** solely for the purpose of allowing the Court to entertain his Petition.

**SO ORDERED**.

Signed: September 3, 2010

Richard L. Voorhees
United States District Judge